## COPP *v.* WHIPPLE.

The list of non-resident taxes must be separately signed by the selectmen when committed to the collector for collection; and it is not sufficient that it be specially referred to in the warrant to the collector accompanying it.

WRIT OF ENTRY, to recover lot number nineteen in the first range in Jefferson. Plea, the general issue. The defendant claimed this lot under a collector's deed and sale for taxes, and among other things offered in evidence the non-resident list of Jefferson for 1851, which was made out and delivered to the collector by the selectmen of that town. It begins thus: "List of non-resident inventory for 1852." Then follows a list of the non-resident lands in Jefferson, and among them is the lot in suit; the numbers of the lots, ranges, acres, and the valuation and taxes all being properly designated. The list is contained in a small memorandum book, being written on six pages thereof. After one blank page, following the list, is the warrant for the collection of taxes, which is in the usual form, signed by the selectmen, directed to the collector of said town, commanding him "to levy and collect of the several persons named in the non-resident list herewith committed to you the taxes in said list set against their names and numbers of lots, the same being a list of the assessment of the State, county, town, and school taxes, and school-house taxes, for the year 1852, upon the unimproved and improved lands of non-residents in the town of Jefferson, by the undersigned selectmen of said town."

It was agreed that if the list aforesaid was not sufficiently signed, within the meaning of the statute, then judgment should be rendered for the plaintiff; otherwise the case should be discharged.

---
Copp *v.* Whipple.
---

*G. C. Williams,* for the plaintiff.

*Benton & Ray,* for the defendant.

FOWLER, J.   By the first and second sections of chapter 46 of the Revised Statutes, (Comp. Laws 127,) it is provided that the selectmen shall make a list of the taxes assessed on the real estate of persons not resident in the town, under their hands, which shall be delivered to the collector on or before the thirtieth day of May annually.

Under these provisions it was held, in *Chase* v. *Sparhawk,* 22 N. H. 134, that it was essential that the non-resident tax list should be separately signed by the selectmen.   In *Thompson* v. *Currier,* 24 N. H. 237, it was decided that the list might be so referred to in the warrant accompanying it, as to dispense with its being separately signed by the selectmen.   In *Gordon* v. *Randlett,* 28 N. H. 435, the doctrine of *Chase* v. *Sparhawk* was reäffirmed; and in *Cass* v. *Bellows,* decided in this county, December term, 1856, but not reported, it was held that the law must be considered as settled, that a non-resident tax list must be separately signed by the selectmen.

Upon the whole, therefore, the rule requiring the list to be separately signed by the selectmen being in accordance with the generally recognized principle, that whenever the title to property depends upon the validity of proceedings under a statute, a strict and literal compliance with those provisions must be shown, we have no hesitation in saying that non-resident tax lists must be separately signed by the selectmen when committed to the collectors, and that it is not sufficient that they be referred to, however particularly, in the warrants accompanying them under the hands and seals of the selectmen.

There must, therefore, be judgment for the plaintiff.